DAVID HUBBERT
Acting Assistant Attorney General

MATTHEW P. UHALDE
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044
Tel. (202) 353-0013
Fax. (202) 307-0054
Matthew.P.Uhalde@usdoj.gov

*Attorney for the United States of America*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| United States of America, | ) |
| | ) Case No. 3:21-cv-00239-JWS |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Philip Weidner, | ) |
| Philip P Weidner Family Limited Partnership, | ) |
| Matanuska-Susitna Borough, and | ) |
| Kenai Peninsula Borough, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT**

The United States alleges as follows:

1. This is a civil action to (1) reduce to judgment federal income tax and penalty assessments against Defendant Philip Weidner for tax years 2010, 2011, 2012, 2014, 2015, 2016, and 2018; (2) determine that Weidner fraudulently deeded 12 Alaska properties to a fictitious entity called "Philip Weidner Family Limited Partnership," (3) determine that the fictitious

1

Partnership holds title to the properties as Weidner's nominee or alter ego; and (4) foreclose federal tax liens on the properties.

2. The United States commences this action under 26 U.S.C. §§ 7401 and 7403 at the direction of the Attorney General of the United States, with the authorization and at the request of the Secretary of the Treasury, acting through his delegate, the Chief Counsel of the Internal Revenue Service (IRS).

**Defendants**

3. Defendant Philip Weidner is a practicing lawyer admitted to the Alaska State Bar Association on May 1, 1973. He resides in Anchorage, Alaska.

4. Philip Weidner Family Limited Partnership (the Partnership) is named as a defendant under 26 U.S.C. § 7403(b) because the 12 properties at issue are nominally deeded to it.

5. Matanuska-Susitna Borough is named as a defendant under 26 U.S.C. § 7403(b) because it may claim an interest in the 8 properties located in that borough.

6. Kenai Peninsula Borough is named as a defendant under 26 U.S.C. § 7403(b) because it may claim an interest in the 4 properties located in that borough.

**Jurisdiction and Venue**

7. The Court has jurisdiction over this action in accordance with 26 U.S.C. §§ 7402 and 7403, and 28 U.S.C. §§ 1331, 1340, and 1345.

8. Under 28 U.S.C. §§ 1391 and 1396, venue is proper in the District of Alaska. Weidner resides in Alaska; his federal tax liabilities arose in Alaska; and the 12 properties at issue are all in Alaska.

## The 12 Properties

### First Property: 22170 D Street, Talkeetna, AK 99676

9. The property is a 3,000-square-foot commercial building on 0.13 acres with the Matanuska-Susitna Borough Account Number 7000B12L020-1. The legal description is "Lots 20 and 21, Townsite of Talkeetna, located in the Talkeetna Recording District, Third Judicial District, State of Alaska."

10. Weidner acquired the property via a warranty deed dated November 20, 1997 and recorded on March 2, 1998.

### Second Property: 13611 E Main Street, Talkeetna, AK 99676

11. The property is 0.07 acres of unimproved real property with the Matanuska-Susitna Borough Account Number 700B12L018. The legal description is "Lots 18 & 19, Block 12, located on Main Street in Talkeetna, Alaska, in the Talkeetna Recording District, Third Judicial District, State of Alaska."

12. Weidner acquired the property via a warranty deed dated April 13, 1998 and recorded on June 17, 1998.

### Third Property: 13617 E Main Street, Talkeetna, Alaska 99676

13. This is a commercial building on 0.07 acres with the Matanuska-Susitna Borough Account Number 700B12L019. The legal description is "Lots 18 & 19, Block 12, located on Main Street in Talkeetna, Alaska, in the Talkeetna Recording District, Third Judicial District, State of Alaska."

14. Weidner acquired the property via a warranty deed dated April 13, 1998 and recorded on June 17, 1998.

15. Parcels 700B12L018 (Second Property) and 700B12L019 (Third Property) have the same deed and legal description but are separate for assessor and taxing purposes.

**Fourth Property: 15914 N Darrel Dr, Palmer, AK 99654**

16. The property is a residential cabin on 1.24 acres with the Matanuska-Susitna Borough Account Number 1212B02L008. The legal description is "Lot 8 (Eight), Block 2 (two), Kelley Subdivision, according to the official plat thereof, recorded under Plat Number 76-71, in the Palmer Recording District, Third Judicial District, State of Alaska."

17. Weidner acquired the property via a warranty deed dated January 29, 1992 and recorded on July 21, 1994.

**Fifth Property: 1261 N Rainbow Park Dr, Wasilla, AK 99623**

18. The property is 0.94 acres of unimproved real property with the Matanuska-Susitna Borough Account Number 6429B05L009. The legal description is "Rainbow Park Estates, Block 5, Lot 9, according to Plat 1973-32, located in Palmer Recording District, Third Judicial District, State of Alaska."

19. Weidner acquired the property via a warranty deed dated August 6, 1985 and recorded on September 25, 1985.

**Sixth Property: 7625 W Scarlet Dr, Wasilla, AK 99623**

20. The property is 0.99 acres of unimproved real property with the Matanuska-Susitna Borough Account Number 6429B04L025. The legal description is "Rainbow Park Estates, Block 4, Lot 25, according to Plat 1973-32, located in Palmer Recording District, Third Judicial District, State of Alaska."

21. Weidner acquired the property via a warranty deed dated August 6, 1985 and recorded on September 25, 1985.

### Seventh Property: 7531 W Scarlet Dr, Wasilla, AK 99623

22. The property is 0.96 acres of unimproved real property with the Matanuska-Susitna Borough Account Number 6429B04L023. The legal description is "Rainbow Park Estates, Block 4, Lot 23, according to Plat 1973-32, located in Palmer Recording District, Third Judicial District, State of Alaska."

23. Weidner acquired the property via a warranty deed dated August 6, 1985 and recorded on September 25, 1985.

### Eighth Property: 7418 W Golden Dr, Wasilla, AK 99623

24. The property is 0.92 acres of unimproved real property with the Matanuska-Susitna Borough Account Number 6429B01L016. The legal description is "Rainbow Park Estates, Block 1, Lot 16, according to Plat 1973-32, located in Palmer Recording District, Third Judicial District, State of Alaska."

25. Weidner acquired the property via a warranty deed dated August 6, 1985 and recorded on September 25, 1985.

### Ninth Property: 34255 Sterling Hwy, Sterling, AK 99669

26. The property is 7.13 acres of unimproved real property with the Kenai Borough Account Number 06530001. The legal description is "Tract One (1), Greatland Estates Subdivision No. Two (2), according to Plat No. 76-172, filed in the Kenai Recording District, Third Judicial District, State of Alaska."

27. Weidner acquired the property via a warranty deed dated October 12, 1998 and recorded on October 15, 1998.

**Tenth Property: 33094 Sterling Hwy, Sterling, AK 99669**

28. The property is 9.31 acres of unimproved real property with the Kenai Borough Account Number 06546002. The legal description is "Tract 'M,' McFarland Subdivision, according to the official plat thereof, filed under Plat Number K-797, Records of the Kenai Recording District, Third Judicial District, State of Alaska."

29. Weidner acquired the property via a warranty deed dated March 18, 1997 and recorded on June 19, 2000.

**Eleventh Property: No address**

30. The property is 9.64 acres of unimproved real property in Seldovia with the Kenai Borough Account Number 19101053. The legal description is "Lot Four (4), according to the Plat of Hesketh Island Adventure, filed under Plat No. 92-3, in the Seldovia Recording District, Third Judicial District, State of Alaska."

31. Weidner acquired the property via a warranty deed dated March 11, 1995 and recorded on March 22, 2000.

**Twelfth Property: No address**

32. The property is 4.99 acres of unimproved real property with the Kenai Borough Account Number 19330018. The legal description is "US Survey No. 6872, Alaska, situated on the southwestern shore of Yukon Island in Kachemak Bay, T.8S, R.13W. Seward Meridian, containing 4.99 acres, more or less, as shown on Plat of Survey officially filed August 22, 1983 and conveyed by U.S. Patent Number 50-94-0040 issued December 15, 1993 at Anchorage, Alaska, previously recorded in Book 0230, page 355 in the Homer Recording District on February 4, 1994 including all rights and lands with regard to said property relating to accreted

lands by virtue of accretion relating to lands obtained by alluviation, and all rights and lands relating to riparian rights as to said property."

33. Weidner acquired the property via a warranty deed dated June 6, 2000 and recorded on June 27, 2000.

**Count One: Reduce to Judgment Federal Tax Assessments Against Weidner**

34. On the dates and in the amounts set forth below, a duly authorized delegate of the Secretary of the Treasury made timely assessments against Weidner for federal tax liabilities, penalties, interest, and other statutory additions based on the amounts he self-reported on his tax returns:

| Tax | Tax Year | Date of Assessment | Original Tax Assessed | Balance Due as of 10/15/2021 (Tax, Penalties, and Interest) |
|---|---|---|---|---|
| 1040 | 2010 | 11/21/2011 | $376,340 | $684,475.33 |
| 1040 | 2011 | 11/19/2012 | $186,650 | $328,568.15 |
| 1040 | 2012 | 11/18/2013 | $53,695 | $92,041.00 |
| 1040 | 2014 | 11/16/2015 | $187,735 | $195,902.68 |
| 1040 | 2015 | 11/21/2016 | $239,301 | $376,612.37 |
| 1040 | 2016 | 11/20/2017 | $183,270 | $278,646.02 |
| 1040 | 2018 | 11/18/2019 | $166,934 | $226,876.93 |
| | | Total | | $2,183,122.48 |

35. The IRS provided Weidner timely notice of these assessments and demand for payment as required by 26 U.S.C. § 6303.

36. Despite timely notice for demand of payment, Weidner neglected or refused to pay the assessments.

37. Under 26 U.S.C. § 7402(a), the United States is entitled to judgment against Weidner for the unpaid balance of the assessments described in Paragraph 46, plus interest and other statutory additions accruing to the date of payment.

7

## Count Two: A Judgment that "Philip P Weidner Family Limited Partnership" is Weidner's Nominee or Alter Ego

38. On February 5, 2003, the IRS sent Weidner a Final Notice and Demand for Payment of his 1999 and 2000 federal income taxes.

39. On February 24 and 25, 2003, Weidner recorded warranty deeds to transfer approximately 60 real properties in the Anchorage, Homer, Kenai, Palmer, Seldovia, and Talkeetna recording districts from himself to the Partnership. These include the 12 properties at issue in this case. The last of the warranty deeds were recorded at 11:50 am on February 25.

40. Eleven minutes later, at 12:01 pm on February 25, 2003, the IRS recorded notices of federal tax liens, in the amount of $1,825,072.33, against Weidner.

41. On December 27, 2012, Weidner recorded corrective warranty deeds for at least 39 of the properties deeded to the Partnership. The corrective warranty deeds indicated that the Partnership is a nonexistent entity and that the correct grantee of the February 2003 deeds was a different entity called "Weidner Family Limited Partnership." Weidner did not file corrective warranty deeds for the 12 properties at issue in this case. Those properties remain nominally titled to the Partnership.

42. The Partnership is not incorporated under the laws of any state or the District of Columbia.

43. The Partnership has not obtained an Employer Identification Number (EIN) or filed federal tax returns.

44. The Partnership does not maintain any bank account or engage in any business activity.

45. Since transferring title to the Partnership, Weidner has continued to pay all property taxes assessed against the 12 properties, albeit sporadically.

46. Weidner identified the 12 properties as his personal assets when applying for loans from Alaska First National Bank in 2005, 2010, 2012, and 2013.

47. On June 24, 2014, Weidner agreed with the IRS to voluntarily sell 22 real properties to pay off his federal tax debts. Among these were the 12 properties at issue in this case. To date, the 12 properties have not been sold.

48. Despite the Partnership's nominal ownership of the 12 properties, Weidner has maintained dominion and control over the properties and enjoyed the incident benefits and burdens of ownership.

49. Accordingly, the Partnership holds title to the 12 properties as Weidner's nominee or alter ego. Any claim or interest in the 12 properties by the Partnership of fraudulent or nonexistent.

50. The United States is entitled to a declaration that the 12 properties are Weidner's own property.

**Count Three: A Judgment that the 12 Properties were Fraudulently Transferred to the Partnership.**

51. The United States incorporates by reference the allegations contained in paragraphs 38 through 50 as if fully set forth herein.

52. Under AS § 34.40.010, the transfer of the 12 properties to the Partnership should be set aside.

53. The properties were transferred with intent to hinder, delay, and defraud Weidner's creditors, including the United States.

54. The Partnership did not pay reasonably equivalent value as consideration for the properties.

9

## Claim Four: A Judgment Foreclosing Federal Tax Liens Against the 12 Properties and Ordering Judicial Sale

55. Under 26 U.S.C. §§ 6321 and 6322, federal tax liens for the unpaid tax liabilities listed in Paragraph 34 arose in favor of the United States on the dates of the assessments and attached to all of Weidner's property and rights to property, including the 12 properties.

56. These tax liens continue to attach to the 12 properties and have priority over all interests in the 12 properties acquired after the attachment of the tax liens, subject to the provisions of 26 U.S.C. § 6323(a).

57. In accordance with 26 U.S.C. § 6323(f), on November 9, 2020, a duly authorized delegate of the Secretary of the Treasury timely and properly recorded notices of federal tax liens (NFTLs) against the Partnership as Weidner's alter ego in the Kenai, Palmer, Seldovia, and Talkeetna recording districts. The NFTLs covered tax years 2010, 2011, 2012, 2014, 2015, 2016, and 2018.

58. Matanuska-Susitna Borough holds a lien against Properties 1 through 8 for delinquent 2020 property taxes.

59. Kenai Peninsula Borough holds a lien on Properties 9 through 12 for delinquent 2020 property taxes. On April 29, 2021, Kenai Peninsula Borough obtained a decree of foreclosure on the lien. The decree of foreclosure was recorded in the Kenai and Seldovia recording districts on June 7, 2021. Under AS § 29.45.450, Properties 9 through 12 shall be deeded to Kenai Peninsula Borough one year after the date of foreclosure, unless Weidner exercises a statutory right to redeem them before that time.

60. Under 26 U.S.C. § 7425(a) and AS § 29.45.450(b), the decree of foreclosure did not impact the priority of federal tax liens on the properties.

61. To the extent that any defendant fails to appear in this action, it should be presumed that they do not have an interest in the 12 properties.

62. Under 28 U.S.C. § 7403(c), the United States is entitled to foreclosure of its tax liens and an order of sale of the 12 properties to enforce the liens.

## Request for Relief

The United States respectfully requests the following relief:

A. Judgment in favor of the United States and against Weidner for his unpaid federal income tax liabilities for 2010, 2011, 2012, 2014, 2015, 2016, and 2018, in the total amount of $2,183,122.48 as of October 15, 2021, plus interest and other statutory accruals that continue to accrue from that date until paid;

B. Judgment that, by virtue of the unpaid assessments for tax years 2010, 2011, 2012, 2014, 2015, 2016, and 2018, the United States has valid and subsisting federal tax liens on all property and rights to property belonging to Weidner, whether real or personal, wherever located, and whether presently held or acquired in the future, including the 12 properties;

C. Judgment that, to the extent the Partnership holds title to the 12 properties, it does so as Weidner's nominee or alter ego;

D. Judgment that the 12 properties were fraudulently transferred to the Partnership;

E. An order foreclosing the federal tax liens encumbering the 12 properties and directing that the 12 properties be sold to satisfy Weidner's outstanding federal tax liabilities;

F. An order determining the validity and priority of all other liens, claims, or interests in the 12 properties, and directing that the proceeds from any judicial sale of such property be distributed accordingly;

H. A deficiency judgment in favor of the United States and against Weidner in the amount of any tax indebtedness not satisfied by the sale of the 12 properties; and

I. An order granting the United States its costs in bringing this action, and for such other relief as the Court deems just.

DATED: October 22, 2021

DAVID HUBBERT
Deputy Assistant Attorney General

*/s/ Matthew P. Uhalde*
MATTHEW P. UHALDE
Trial Attorney, Tax Division
U.S. Department of Justice

*Attorney for the United States of America*